Filed 11/24/25 (unmodified opinion attached)

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>JOSE LUIS CERVANTES, JR.,<br><br>  Defendant and Appellant. | 2d Crim. No. B332405<br>(Super. Ct. No. KA051458)<br>(Los Angeles County)<br><br>ORDER MODIFYING OPINION<br>AND DENYING REHEARING<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on October 30, 2025, be modified as follows:

1. On page 1, line six of the first full paragraph, the words "Attorney General argues" are removed and the words "the trial court claims" are inserted in its place.

2. On page 2, the first full paragraph, commencing with "The trial court denied," is modified to read as follows:

> The trial court denied Cervantes's request for resentencing in 2023. The court found his sentence appeared to be unauthorized, he was serving a longer sentence than he should have received, but it had no

power to correct it. At a second resentencing hearing the court initially said the sentence was correct. It later said it would be willing to consider the defense claim that the sentence had to be changed. But it ultimately ruled it lacked jurisdiction to do so. The court had a meritorious resentencing petition before it. We conclude, among other things, that the trial court had the authority to grant his resentencing petition and correct an unauthorized sentence. We reverse and remand with instructions that the court hold a prompt resentencing hearing. If it finds the sentence is unauthorized, it must correct it.

3. On page 4, the last sentence of the second full paragraph, commencing with "But thereafter," is deleted. After this deletion, the following new paragraph is inserted:

At a second resentencing hearing the court again ruled it lacked jurisdiction to rule on a strong defense showing that the sentence had to be corrected.

4. On page 5, line 2 of the second full paragraph, "*though it found*" are removed and the word "*if*" is inserted in its place.

5. On page 6, the first three sentences of the first full paragraph are deleted, so the paragraph begins with: "[T]he People have . . . ."

6. On page 7, line 17 of the first full paragraph, the words "acknowledgement of the sentencing error and its" are deleted.

7. On page 7, lines 3 and 4, the words "that" and "has to file a habeas petition and he" are removed.

8. On page 8, lines 3 and 4, the words "where a trial court acknowledges" are removed and the word "if" is inserted in its place.

9.  On page 10, lines 5 and 6 of the first full paragraph, the words "when it found it appeared to be" are removed and the words "if it was" are inserted in its place.

There is no change in the judgment.

Respondent's petition for rehearing is denied.

_____

GILBERT, P. J.          YEGAN, J.          BALTODANO, J.

3

Filed 10/30/25 (unmodified opinion)
**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE LUIS CERVANTES, JR.,<br><br>    Defendant and Appellant. | 2d Crim. No. B332405<br>(Super. Ct. No. KA051458)<br>(Los Angeles County) |

Courts are required to issue judgments. Courts also use judgment, as that word is commonly used, in their rulings. A defendant requested a hearing to be resentenced. In reviewing the motion, the trial court discovered it had previously made a sentencing error. The prosecuting attorney acknowledged the error. The Attorney General argues the defendant must file a habeas corpus petition for relief. No, he need not. We use "judgment," common sense, and case law to give the trial court the opportunity to correct the error at the resentencing hearing.

Jose Luis Cervantes, Jr. appeals an order denying his request for resentencing. In 2001, he was convicted of attempted

second degree murder.  (Pen. Code,[1] §§ 664, 187.)  The court imposed a seven-year sentence for that conviction, plus a consecutive 25-years-to-life firearm enhancement (§ 12022.53, subds. (d) & (e)), and a 10-year gang enhancement (§ 186.22, subd. (b)), for an aggregate 42-years-to-life sentence.  On appeal in 2003, his sentence was reduced to 32 years to life.

The trial court denied Cervantes's request for resentencing in 2023.  The court found his sentence appeared to be unauthorized, he was serving a longer sentence than he should have received, but it had no power to correct it.  We conclude, among other things, that the trial court had the authority to correct an unauthorized sentence.  We reverse and remand with instructions that the court hold a prompt resentencing hearing. If it finds the sentence is unauthorized, it must correct it.

PROCEDURAL HISTORY

Cervantes and codefendant David Estrada were charged with attempted murder.  The information included special allegations that Cervantes was a principal, and Estrada personally discharged a handgun causing great bodily injury (§ 12022.53, subds. (b), (d) & (e)); the crime was committed for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22); and the firearm was discharged from a motor vehicle (§ 12022.55).  (*People v. Estrada & Cervantes* (Dec. 17, 2003, B155948) [nonpub. opn.].)  The jury found Estrada and Cervantes guilty of attempted murder and the special allegations were true.  They were each sentenced to 42 years to life.  On appeal, the gang enhancement was stricken, and Cervantes's sentence was reduced to 32 years to life.  (*Ibid.*)

---

[1] All statutory references are to the Penal Code.

On February 10, 2021, Cervantes filed a petition for resentencing.  (§ 1170.95 [later renumbered section 1172.6].)  The trial court denied the petition because the statute at that time (section 1170.95) did not include resentencing for attempted murder convictions.

On January 20, 2022, Cervantes filed a request for reconsideration of the denial of his section 1172.6 petition.  On July 12, 2022, the trial court denied the petition.  It found Cervantes had not established "a prima facie case for relief."

On November 2, 2022, Cervantes filed a motion for "rehearing" on the denial of his petition for resentencing.  He claimed, among other things, that he was entitled to resentencing because: 1) he "was held responsible because he was allegedly a gang member and members of the gang are responsible for the acts of other gang members (at that time); and 2) he was not responsible for the acts of his codefendant.

At the January 2023 hearing, the trial court noted that counsel for Cervantes had discovered a sentencing error that had never been corrected.  The court found that it appeared that Cervantes "should have been sentenced solely upon the substantive crime of attempted murder."  Cervantes should not have been sentenced to 32 years to life.  But the court found it did not have the ability to correct the sentence because Cervantes filed a section 1172.6 petition.  "I think I would be able to [correct the sentence] if I granted the defendant's petition under [section] 1172.6, but I do not have that ability since he's not entitled to be resentenced under [section] 1172.6.  He'd be entitled to be resentenced under a writ of habeas corpus or some other postconviction relief, but I don't have the jurisdiction to do so on my own even though it's a legitimate issue."

3

The trial court stated, "I'm just disappointed that [the mistake] wasn't caught beforehand, but it's certainly an issue that needs to be resolved as soon as possible." The court also indicated that it could correct the sentence if requested to do so by the California Department of Corrections and Rehabilitation (CDCR) or the district attorney. But "I cannot do so . . . ."

The prosecutor promised to contact someone in the district attorney's office because "obviously, we don't want [Cervantes] in a day longer than he needs to be." But thereafter the CDCR and the district attorney took no further action on seeking a correction of the sentence.

We granted Cervantes's application for relief for filing a late notice of appeal.

## DISCUSSION

"Our Supreme Court stated 50 years ago that 'the law is well settled' that had a court attempted to 'impose a sentence not authorized by law,' the sentence 'would have been subject to judicial correction whenever the error came to the attention of the trial court or a reviewing court' and would present 'no bar to the imposition of a proper judgment thereafter . . . .' " (*People v. Codinha* (2023) 92 Cal.App.5th 976, 988.) "[T]he Supreme Court has repeatedly acknowledged an unauthorized sentence is subject to correction 'at any time.' " (*Ibid*.)

Here the trial court acknowledged that it appeared there was a sentencing error leading to Cervantes serving a longer sentence than he should have received. It made the following findings: 1) Cervantes was previously convicted of attempted murder "plus a firearm enhancement and a gang enhancement"; 2) the trial court initially used "the gun use as well as the gang enhancement" to impose the sentence; 3) after an appeal, the

4

trial court was ordered "to strike the gang enhancement and resentence the defendant"; and 4) the trial court resentenced Cervantes but it "kept the gun use allegation under [section] 12022.53(d) intact."

The trial court further found, "Cervantes was not the actual shooter. He was not the person who used the firearm. The gang enhancement is what allowed the court to utilize the gun use enhancement following the resolution of the case at trial. But if a gang enhancement was stricken . . . , the court could no longer impose the gun use allegation vicariously. It doesn't apply under subdivision (e)(1) of [section] 12022.53(d). *The defendant should have been sentenced solely upon the substantive crime of attempted murder*." (Italics added.)

The trial court then ruled it did not have the *authority to correct the sentence even though it found Cervantes was serving a much longer sentence than he should have been serving*. But a sentence is "legally unauthorized" where the defendant is sentenced to the wrong term. (*People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1424.) Trial courts have the inherent authority to correct unauthorized sentences at any time the issue is presented to the court. (*In re G.C.* (2020) 8 Cal.5th 1119, 1130; *People v. Mendez* (2019) 7 Cal.5th 680, 716 [trial court's sentence "was unauthorized and subject to judicial correction at any time"]; *People v. Picklesimer* (2010) 48 Cal.4th 330, 338; *People v. Cunningham* (2001) 25 Cal.4th 926, 1044-1045; *People v. Davis* (1904) 143 Cal. 673, 675-676; *People v. Codinha, supra*, 92 Cal.App.5th at p. 988.) The issue was presented to the court by Cervantes's counsel. The court had a pending motion for resentencing before it.

5

The prosecutor agreed that Cervantes should not serve an excessive sentence. She promised to contact her office. But the district attorney's office thereafter took no further action. "[T]he People have 'a duty to bring the error to the attention of the trial court *as soon as possible*, by appropriate motion to vacate the void portion of the judgment and impose a sentence authorized by law.'" (*People v. Codinha, supra*, 92 Cal.App.5th at p. 990, italics added.)

But the trial court did not have to wait for the district attorney to file a motion or the CDCR to request resentencing where it appeared its sentence was unauthorized. "'While a motion for such action on the part of the court is entirely appropriate, neither motion nor notice to an adverse party is essential. The court has full power to take such action on its own motion and without any application on the part of any one.'" (*People v. Codinha, supra*, 92 Cal.App.5th at p. 989.)

### Jurisdiction to Resentence After the Prior Appeal

The trial court found that after the remittitur issued from the prior appeal, it lacked jurisdiction to correct an unauthorized sentence without a further order from an appellate court. But our Supreme Court has held, "An unauthorized sentence '"do[es] not become irremediable when a judgment of conviction becomes final, *even after affirmance on appeal.*"'" (*In re G.C., supra*, 8 Cal.5th at p. 1130.) "[I]t is settled that an unauthorized sentence is subject to correction despite the circumstance that an appeal is pending." (*People v. Cunningham, supra*, 25 Cal.4th at p. 1044.)

### Section 1172.6 Petition

The People note the trial court initially denied Cervantes's section 1172.6 resentencing petition by finding he did not make a

6

prima facie showing for relief.  They claim that bars him from obtaining resentencing relief now.  We disagree.

Cervantes filed a motion for rehearing of that petition which the court accepted.  At the hearing on this motion, the trial court's findings demonstrate he made a strong showing for resentencing.  Senate Bill No. 1437 (2017-2018 Reg. Sess.) eliminated criminal liability predicated on the natural and probable consequences doctrine and the prior automatic equal imputed vicarious criminal liability standard for all crime participants.  (*People v. Lewis* (2021) 11 Cal.5th 952, 957.)  At his 2001 trial, the court instructed jurors that on proximate cause they could consider the "natural and probable consequence" and "each principal, *regardless of the extent or manner of participation, is equally guilty*."  (*People v. Estrada & Cervantes*, *supra*, B155948, italics added.)  These 2001 pre-*Banks* instructions (*People v. Banks* (2015) 61 Cal.4th 788) are not currently the law and could mislead jurors.  (*People v. Strong* (2022) 13 Cal.5th 698, 706-707.)  This, coupled with the trial court's acknowledgement of the sentencing error and its findings that Cervantes was not the actual shooter and was not subject to imputed liability, support Cervantes's claim that he was entitled, at the very least, to a second-stage evidentiary hearing on his resentencing petition.

### Habeas Petition

The trial court ruled Cervantes had to file a habeas petition to obtain resentencing.  The People cite *People v. Faustinos* (2025) 109 Cal.App.5th 687 and claim that Cervantes has to file a habeas petition and he may not appeal the trial court's order.  In *Faustinos*, the court held that an order declining to act on a defendant's unauthorized petition for resentencing under section

7

1172.1 is nonappealable.  But that case is distinguishable.  Here there was a pending section 1172.6 petition before the court, and a habeas petition is not necessary where a trial court acknowledges the sentence it imposed is unauthorized.  (*People v. Davis*, *supra*, 143 Cal. at pp. 675-676; *People v. Codinha*, *supra*, 92 Cal.App.5th at p. 993; *People v. Richardson* (2021) 65 Cal.App.5th 360, 369; *People v. Glimps* (1979) 92 Cal.App.3d 315, 325; *People v. Hyde* (1975) 49 Cal.App.3d 97, 103-104.)

Moreover, a "pleading should be judged by the substance of its allegations rather than its label."  (*Malott v. Summerland Sanitary Dist.* (2020) 55 Cal.App.5th 1102, 1110; *People v. Hyde*, *supra*, 49 Cal.App.3d at pp. 103-104.)  Based on its allegations, the court should have treated his motion for rehearing as a request for habeas relief or a "motion to vacate" a void sentence.  (*People v. Thomas* (1959) 52 Cal.2d 521, 528-529; see also *People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4; *People v. Jerome* (1984) 160 Cal.App.3d 1087, 1095; *In re Serna* (1978) 76 Cal.App.3d 1010, 1013; *Hyde*, at pp. 103-104; *People v. Grand* (1971) 16 Cal.App.3d 27, 30-31.)  We will not elevate form over substance where a defendant's liberty is at stake.  (*People v. Picklesimer*, *supra*, 48 Cal.4th at pp. 339-340.)  "Guided by that admonition, we deem this to be a proper case to treat this appeal as a petition for writ of habeas corpus," to authorize resentencing for Cervantes.  (*People v. Richardson*, *supra*, 65 Cal.App.5th at p. 369.)

### Section 1172.1

The People contend Cervantes has no right to resentencing because of the standing and time restrictions under section 1172.1, and his appeal must therefore be dismissed.  We disagree.

Cervantes requested the trial court resentence him under section 1172.1.

Prior to 2024, section 1172.1 permitted a trial court to resentence the defendant "within 120 days of the date of commitment" or at any time on the recommendation of the CDCR or the district attorney. (*People v. Roy* (2025) 110 Cal.App.5th 991, 996.) In 2024, *after the 2023 hearing in this case*, the statute was amended to allow the trial court to recall the sentence " 'on its own motion' " at any time " 'the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law.' " (*Id.* at p. 997.)

As Cervantes notes, the trial court now has the authority on its own motion to correct his sentence. (*In re Estrada* (1965) 63 Cal.2d 740.) In furtherance of "the interests of justice" Cervantes's resentencing issue may now be presented to the trial court on remand. (*People v. Nguyen* (2025) 109 Cal.App.5th 1133, 1143.)

The People note that even after the 2024 amendment, section 1172.1, subdivision (c) still provides, "A defendant is not entitled to file a petition seeking relief from the court under this section. *If a defendant requests consideration for relief under this section, the court is not required to respond.*" (Italics added.) But here, the court responded, and notwithstanding this statutory language, defendants " 'may nonetheless be able to "invite" the court to exercise its discretionary powers.' " (*People v. Roy*, *supra*, 110 Cal.App.5th at p. 998.) That is what Cervantes requested. The statute does not " 'deprive the defendant of a substantial stake in the outcome.' " (*Ibid.*) Nor does it excuse the court's failure to promptly correct a sentence it finds to be excessive and unauthorized. (*People v. Mendez*, *supra*, 7 Cal.5th at p. 716.)

9

The People's reliance on general statutory restrictions and time limits on resentencing is misplaced, because the unauthorized sentence doctrine is an exception to those rules. Consequently, independent from section 1172.1, the trial court had authority to correct the sentence when it found it appeared to be unauthorized. (*People v. Codinha, supra,* 92 Cal.App.5th at pp. 984, 988.) Cervantes has a right not to be subject to excessive punishment. A " 'right but no expeditious and adequate remedy . . . is an unconscionable situation which a court of justice cannot tolerate." (*People v. Picklesimer, supra,* 48 Cal.4th at p. 339; *People v. Nguyen, supra,* 109 Cal.App.5th at pp. 1143-1144.)

DISPOSITION

The order is reversed. The case is remanded to the trial court with instructions to conduct a prompt resentencing hearing. If the court finds the sentence is unauthorized, it must correct it.

<u>CERTIFIED FOR PUBLICATION.</u>

GILBERT, P. J.

We concur:

YEGAN, J.          BALTODANO, J.

10

Mike Camacho, Jr., Judge

Superior Court County of Los Angeles

_____

Diane E. Berley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Blake R. Armstrong and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.